IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARIUS L. SPRINGER, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:16-CV-863-O |
| | ) | |
| NFN HANSFORD and NFN STAMOS, | ) | |
| Defendants. | ) | |

MAY 18 2016

## FINDINGS CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

### I.      Background

Plaintiff is a federal prisoner who has filed this complaint pursuant to *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971). He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are Homeland Security Agents Hansford and Stamos. Process has not issued pending preliminary screening.

Plaintiff states Agents Hansford and Stamos approached him at a bus station and asked to search his bag. He claims the Agents told him they did not need a search warrant to search the bag. Plaintiff states he felt he had no choice but to consent to the search. As a result of the search, Plaintiff was charged and pled guilty to possession of a controlled substance with intent to distribute. *See United States v. Springer*, No. 3:14-CR-170-K (N.D. Tex.). That case is currently on appeal. *United States v. Springer*, No. 15-11026 (5th Cir.). Plaintiff seeks money damages.

## II.    Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A.  That

section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil
> action in which a prisoner seeks redress from a governmental entity or officer or
> employee of a governmental entity [and] [o]n review, the court shall identify cognizable
> claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is
> frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2)
> seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing

fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if

the court determines that . . . (B) the action or appeal–(I) is frivolous or malicious; (ii) fails to

state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

who is immune from suit.").

Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds

that the complaint is frivolous or fails to state a claim upon which relief may be granted.  A

complaint is frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490

U.S. 319, 325 (1989).

## III.    Discussion

Plaintiff's claims are barred the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S.

477 (1994); *see also Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir.1994) (per curiam) (*Heck*

applies to *Bivens* actions, as well as civil rights actions).  Heck holds that a prisoner cannot bring

a § 1983 action challenging his conviction or confinement unless and until the reason for his

continued detention has been reversed on direct appeal, expunged by executive order, or

otherwise declared invalid by a state tribunal or federal court. The critical inquiry is whether a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id.* at 486-87.

Plaintiff's claim that his bag was illegally searched necessarily implies the invalidity of his conviction. Plaintiff has failed to show, however, that his resulting conviction has been declared invalid by a state tribunal or federal court. Hence, no *Bivens* cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

## IV.   Recommendation

The Court recommends that Plaintiff's complaint be summarily dismissed pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2).

Signed this ___ day of _____, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).